UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW MAXWELL CLAY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HILTON WORLDWIDE HOLDINGS, INC., et al., <br><br> Defendants. | CASE NO. C18-1262JLR <br><br> ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION |

Before the court is Plaintiffs Andrew Maxwell Clay and Tonja Clay's ("the Clays") complaint. (*See* Compl. (Dkt. # 1).) The court has reviewed the Clays' complaint and finds that it does not contain a "short and plain statement of the court's grounds for jurisdiction."[1] *See* Fed. R. Civ. P. 8(a)(1). Accordingly, the court orders the

---

[1] Although the complaint alleges personal jurisdiction over all of the parties and venue (*see* Compl. ¶¶ 3.1-3.6), it contains no specific allegations concerning the court's subject matter jurisdiction (*see generally id.*).

ORDER - 1

Clays to file a submission that provides information establishing a basis for the court's exercise of subject matter jurisdiction. The court further orders the Clays to file their submission no later than fourteen (14) days of the date of this order.

Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). In general, federal jurisdiction exists when either (1) a claim arises under the Constitution or laws of the United States, or (2) a suit arises between citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332; Erwin Chemerinsky, Federal Jurisdiction § 5.1 (5th ed. 2001) (listing other non-exhaustive categories of subject matter jurisdiction). If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987).

First, the Clays' complaint does not allege a violation of a federal statute or constitutional provision. (*See* Compl. ¶¶ 5.1-5.6 (alleging negligence and premises liability)); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[A] federal question [must be] presented on the face of the plaintiff's properly pleaded complaint."); 28 U.S.C. § 1331. Thus, the court concludes that federal question jurisdiction is lacking.

Second, federal diversity jurisdiction requires complete diversity of citizenship between the parties, where each of the plaintiffs is a citizen of a different state than each

of the defendants. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."). The Clays allege that they were both residents of Everett, Washington at the time of the accident. (*See* Compl. ¶¶ 2.1-2.2.) These allegations are insufficient for purposes of determining their current citizenship. The citizenship of a natural person is determined based on his or her state of domicile, not his or her state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his or her permanent home, where he or she resides with the intention to remain indefinitely or where he or she has resided in the past and intends to return. *Id*. Domicile is determined based on a number of factors, including: current residence, voting, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, place of employment, driver's license and automobile registration, and payment of taxes. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Thus, although a person's current residence may be a factor, "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857. For this reason, the Clays' allegations of their residences are insufficient to establish the court's diversity jurisdiction. *Id*. at 857-58.

      In addition, a corporation's domicile is both the state in which it is incorporated and the location of its principal place of business. 28 U.S.C. § 1332(c)(1). The Clays, however, do not allege both the states of incorporation and principal places of business for the various corporations they have named as defendants. (*See* Compl. ¶¶ 2.3-2.5,

2.7-2.8 (alleging only the corporations' states of incorporation and not their principal places of business).) In one instance, the Clays allege neither the corporation's state of incorporation nor its principal place of business. (*See id.* ¶ 2.6.) Thus, it is impossible for the court to assess whether complete diversity of citizenship exists between all plaintiffs and all defendants in this matter.

For the foregoing reasons, the court ORDERS the Clays to show cause why the court should not dismiss without prejudice the present action for lack of subject matter jurisdiction. The Clays must file their response within fourteen (14) days of the date of this order, and their response must include support for the court's exercise of subject matter jurisdiction over this action. If the Clays fail to file a response or otherwise fail to demonstrate that the court has subject matter jurisdiction, the court will dismiss their complaint without prejudice.

Dated this 26th day of September, 2018.

JAMES L. ROBART
United States District Judge