UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW MAXWELL CLAY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HILTON WORLDWIDE HOLDINGS, INC., et al., <br><br> Defendants. | CASE NO. C18-1262JLR <br><br> ORDER FINDING GOOD CAUSE TO EXTEND THE SERVICE PERIOD |

On December 10, 2018, the court ordered Plaintiffs Andrew Maxwell Clay and Tonja Clay (collectively, "Plaintiffs") to show cause why Defendants Hilton Hospitality, LLC, and Hilton International Holdings should not be dismissed for failure to comply with the 90-day timeframe for service of process set forth in Federal Rule of Civil Procedure 4(m). (OSC (Dkt. # 12) (citing Fed. R. Civ. P. 4(m)).) On December 20, 2018, Plaintiffs responded to the court's order to show cause explaining the delay in service and stating that they now had accomplished service on both of these Defendants.

(OSC Resp. (Dkt. # 13) at 4.) Accordingly, the court finds good cause to extend the Rule 4(m) 90-day timeframe for service on these two Defendants and releases Plaintiffs from its order to show cause in that regard. *See* Fed. R. Civ. P. 4(m).

In their response to the court's order to show cause, Plaintiffs also informed the court of an issue that has arisen with respect to service on Defendant Hilton Management Services (CIS), LLC ("Hilton Management"). (*See* OSC Resp. at 4.) Despite the service issues described in Plaintiffs' response, counsel has appeared in this suit on behalf of Hilton Management. (*See* Not. of Appearance (Dkt. # 11).) Based on Plaintiffs' counsel's representations, the court also finds good cause to extend the Rule 4(m) 90-day service period for Hilton Management to 30 days after the filing date of this order. *See* Fed. R. Civ. P. 4(m).

The court reminds counsel that a corporation "that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons," and that "[t]he plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). Further, if such a defendant "fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service; and . . . the reasonable

//

//

//

//

expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2)(A), (B).

Dated this 21st day of December, 2018.

JAMES L. ROBART
United States District Judge