# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ANDREW MAXWELL CLAY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HILTON WORLDWIDE HOLDINGS, INC., et al., <br><br> Defendants. | CASE NO. C18-1262JLR <br><br> ORDER DENYING MOTION TO ENTER INTO AGREED ORDER OF PROTECTION |

Before the court is Defendants Hilton Worldwide Holdings, Inc., Hilton Management Services (CIS), dba Hilton Management Services, Hilton Hospitality, LLC dba Hilton Hospitality, Inc., and Hilton International Holdings ("Hilton Defendants") and Plaintiffs Andrew Maxell Clay and Tonja Clay ("the Clays") motion to enter into an agreed order of protection. (Mot. (Dkt. # 29).) The court has reviewed the motion and the applicable law. Being fully advised, the court DENIES the parties' motion.

//

Paragraph 5 of the parties' proposed stipulated order of protection violates Local Rule LCR 5(g) concerning the sealing and redacting of court records.  *See* Local Rules W.D. Wash. LCR 5(g); (*see also* Prop. Stip. Order (Dkt. # 29-1) ¶ 5.)  Under the parties' proposed stipulated order of protection, Hilton Defendants may designated certain documents as "confidential."  (Prop. Stip. Order ¶ 1.)  Paragraph 5 of the porposed order then states that "[a]ny . . . document disclosing information subject to this Order, which may be submitted to the [c]ourt, . . . shall be filed in a sealed envelope appropriately marked as confidential and subject to protective order," and "[t]he Clerks are directed to maintain such documents under seal, to be made available only to the [c]ourt and to counsel in this proceeding."  (*Id.* ¶ 5.)  Thus, under the parties proposed order, Hilton Defendants, in their sole discretion, determine which documents are maintained under seal on the court's docket.  This provision violates not only the court's local rules, but Ninth Circuit authority as well.

Under the court's local rules, a party may only file a document under seal (1) if a statute, rule, or prior court order expressly authorizes the party to file the document under seal, or (2) if the party files a motion or stipulated motion to seal the document before or at the same time the party files the sealed document.  Local Rules W.D. Wash. LCR 5(g)(2).  Any such motion, must include (1) certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal, and (2) a specific statement of the applicable legal standard and the reasons for keeping a document under seal.  *See id.*

LCR 5(g)(3). In the Ninth Circuit, courts apply a presumptive "compelling reasons" standard when considering whether to seal records attached to a motion that is "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1101 (9th Cir. 2016). The court must find "good cause" for sealing records attached to a discovery motion unrelated to the merits of the case. *See id.* at 1097. The parties' proposed order, which allows Hilton Defendants to designated records in their sole discretion as "confidential" and then requires the court Clerk to maintain such records under seal once filed with the court, does not comport with either the court's local rules or the foregoing case authority.

Further, the parties have failed to comply with Local Rule LCR 26(c)(2). *See* Local Rules W.D. Wash. LCR 26(c)(2). Pursuant to this rule, "[p]arties are encouraged to use this district's model protective order, available on the court's website." *Id.* "Parties that wish to depart from the model order must provide the court with a redlined version identifying departures from the model." *Id.* Here, the parties failed to provide a redlined version as required under the local rules. (*See* Mot.; *see also* Prop. Stip. Order.)

For the reasons stated above, the court DENIES the parties' motion to for an agreed order of protection (Dkt. # 29). The parties may re-file a motion for a protective order so long as it comports with the court's local rules and Ninth Circuit authority. The court encourages, but does not require, the parties to utilize the model protective order found on the court's website. *See* Local Rules W.D. Wash. LCR 26(c)(2). However, the parties must identify any departures from the model protective order in a redlined version of their proposed order. *See id.*

1    The court was required to expend limited judicial resources denying a stipulated
2    motion that was patently in violation of the court's local rules.  The conduct of counsel in
3    filing such a motion fell below the standard the court expects of counsel admitted to the
4    Western District of Washington.  Therefore, before engaging in further motion practice
5    before this court, the court encourages counsel for Hilton Defendants and counsel for the
6    Clays to refresh their recollection of the court's local civil rules by re-reading the entirety
7    of those rules.
8    Dated this 15th day of October, 2019.

JAMES L. ROBART
United States District Judge