Judge James L. Robart

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9 | ANDREW MAXELL CLAY AND TONJA
CLAY, husband and wife,

No. 2:18-cv-01262-JLR

10

~~MODEL~~ STIPULATED
PROTECTIVE ORDER

Plaintiffs,

11

12

v.

13 | HILTON WORLDWIDE HOLDINGS, INC, a
Delaware corporation; HILTON MANAGEMENT

14 | SERVICES (CIS), LLC, dba HILTON
MANAGEMENT SERVICES, a Delaware

15 | corporation; HILTON HOSPITALITY, LLC, a
Nevada corporation, dba HILTON HOSPITALITY

16 | INC.; HILTON INTERNATIONAL HOLDINGS,
a Delaware Corporation; P.P.C. ENTERPRISE

17 | COMPANY, LTD, a Thailand
company/corporation; HILTON INTERNA-

18 | TIONAL (THAILAND) CO, LTD, a Thailand
company/corporation, JOHN AND JANE DOES

19 | 1-5, currently unknown individuals,

20

Defendants.

21

22 | 1.      PURPOSES AND LIMITATIONS

23 |        Discovery in this action is likely to involve production of confidential, proprietary, or

24 | private information for which special protection may be warranted. Accordingly, the parties

25 | hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The

26 | parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

MODEL STIPULATED PROTECTIVE ORDER
USDCWD Case No. 2:18-cv-01262-JLR - 1

1 protection on all disclosures or responses to discovery, the protection it affords from public
2 disclosure and use extends only to the limited information or items that are entitled to
3 confidential treatment under the applicable legal principles, and it does not presumptively entitle
4 parties to file confidential information under seal.

5 2.    "CONFIDENTIAL" MATERIAL

6        "Confidential" material shall include the following documents and tangible things
7 produced or otherwise exchanged: Hotel Property Management Agreement, Trademark
8 Licensing and Know How Agreement, Assignment of Management Agreement.

9 3.    SCOPE

10       The protections conferred by this agreement cover not only confidential material (as
11 defined above), but also (1) any information copied or extracted from confidential material; (2)
12 all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,
13 conversations, or presentations by parties or their counsel that might reveal confidential material.

14       However, the protections conferred by this agreement do not cover information that is in
15 the public domain or becomes part of the public domain through trial or otherwise.

16 4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

17       4.1    Basic Principles. A receiving party may use confidential material that is disclosed
18 or produced by another party or by a non-party in connection with this case only for prosecuting,
19 defending, or attempting to settle this litigation. Confidential material may be disclosed only to
20 the categories of persons and under the conditions described in this agreement. Confidential
21 material must be stored and maintained by a receiving party at a location and in a secure manner
22 that ensures that access is limited to the persons authorized under this agreement.

23       4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
24 ordered by the court or permitted in writing by the designating party, a receiving party may
25 disclose any confidential material only to:

26 / / /

1        (a)     the receiving party's counsel of record in this action, as well as employees
2   of counsel to whom it is reasonably necessary to disclose the information for this litigation;

3        (b)     the officers, directors, and employees (including in house counsel) of the
4   receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties
5   agree that a particular document or material produced is for Attorney's Eyes Only and is so
6   designated;

7        (c)     experts and consultants to whom disclosure is reasonably necessary for
8   this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
9   A);

10       (d)     the court, court personnel, and court reporters and their staff;

11       (e)     copy or imaging services retained by counsel to assist in the duplication of
12  confidential material, provided that counsel for the party retaining the copy or imaging service
13  instructs the service not to disclose any confidential material to third parties and to immediately
14  return all originals and copies of any confidential material;

15       (f)     during their depositions, witnesses in the action to whom disclosure is
16  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"
17  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of
18  transcribed deposition testimony or exhibits to depositions that reveal confidential material must
19  be separately bound by the court reporter and may not be disclosed to anyone except as permitted
20  under this agreement;

21       (g)     the author or recipient of a document containing the information or a
22  custodian or other person who otherwise possessed or knew the information.

23       4.3     Filing Confidential Material. Before filing confidential material or discussing or
24  referencing such material in court filings, the filing party shall confer with the designating party,
25  in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will
26  remove the confidential designation, whether the document can be redacted, or whether a motion

1   to seal or stipulation and proposed order is warranted. During the meet and confer process, the
2   designating party must identify the basis for sealing the specific confidential information at issue,
3   and the filing party shall include this basis in its motion to seal, along with any objection to
4   sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be
5   followed and the standards that will be applied when a party seeks permission from the court to
6   file material under seal. A party who seeks to maintain the confidentiality of its information
7   must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the
8   motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied,
9   in accordance with the strong presumption of public access to the Court's files.

10  5.      DESIGNATING PROTECTED MATERIAL

11          5.1      Exercise of Restraint and Care in Designating Material for Protection. Each party
12  or non-party that designates information or items for protection under this agreement must take
13  care to limit any such designation to specific material that qualifies under the appropriate
14  standards. The designating party must designate for protection only those parts of material,
15  documents, items, or oral or written communications that qualify, so that other portions of the
16  material, documents, items, or communications for which protection is not warranted are not
17  swept unjustifiably within the ambit of this agreement.

18          Mass, indiscriminate, or routinized designations are prohibited. Designations that are
19  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
20  unnecessarily encumber or delay the case development process or to impose unnecessary
21  expenses and burdens on other parties) expose the designating party to sanctions.

22          If it comes to a designating party's attention that information or items that it designated
23  for protection do not qualify for protection, the designating party must promptly notify all other
24  parties that it is withdrawing the mistaken designation.

25          5.2      Manner and Timing of Designations. Except as otherwise provided in this
26  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or

MODEL STIPULATED PROTECTIVE ORDER
USDCWD Case No. 2:18-cv-01262-JLR - 4

1    ordered, disclosure or discovery material that qualifies for protection under this agreement must

2    be clearly so designated before or when the material is disclosed or produced.

3         (a)    Information in documentary form: (e.g., paper or electronic documents

4    and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial

5    proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that

6    contains confidential material. If only a portion or portions of the material on a page qualifies for

7    protection, the producing party also must clearly identify the protected portion(s) (e.g., by

8    making appropriate markings in the margins).

9         (b)    Testimony given in deposition or in other pretrial proceedings: the parties

10   and any participating non-parties must identify on the record, during the deposition or other

11   pretrial proceeding, all protected testimony, without prejudice to their right to so designate other

12   testimony after reviewing the transcript. Any party or non-party may, within fifteen days after

13   receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

14   transcript, or exhibits thereto, as confidential.   If a party or non-party desires to protect

15   confidential information at trial, the issue should be addressed during the pre-trial conference.

16         (c)    Other tangible items: the producing party must affix in a prominent place

17   on the exterior of the container or containers in which the information or item is stored the word

18   "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

19   the producing party, to the extent practicable, shall identify the protected portion(s).

20   5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

21   designate qualified information or items does not, standing alone, waive the designating party's

22   right to secure protection under this agreement for such material. Upon timely correction of a

23   designation, the receiving party must make reasonable efforts to ensure that the material is

24   treated in accordance with the provisions of this agreement.

25   / / /

26   / / /

1   6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

2          6.1      Timing of Challenges. Any party or non-party may challenge a designation of

3   confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

4   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

5   burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

6   challenge a confidentiality designation by electing not to mount a challenge promptly after the

7   original designation is disclosed.

8          6.2      Meet and Confer. The parties must make every attempt to resolve any dispute

9   regarding confidential designations without court involvement. Any motion regarding

10  confidential designations or for a protective order must include a certification, in the motion or in

11  a declaration or affidavit, that the movant has engaged in a good faith meet and confer

12  conference with other affected parties in an effort to resolve the dispute without court action. The

13  certification must list the date, manner, and participants to the conference. A good faith effort to

14  confer requires a face-to-face meeting or a telephone conference.

15         6.3      Judicial Intervention. If the parties cannot resolve a challenge without court

16  intervention, the designating party may file and serve a motion to retain confidentiality under

17  Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

18  persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

19  made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

20  other parties) may expose the challenging party to sanctions. All parties shall continue to

21  maintain the material in question as confidential until the court rules on the challenge.

22  7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

23  LITIGATION

24         If a party is served with a subpoena or a court order issued in other litigation that compels

25  disclosure of any information or items designated in this action as "CONFIDENTIAL," that

26  party must:

MODEL STIPULATED PROTECTIVE ORDER
USDCWD Case No. 2:18-cv-01262-JLR - 6

1         (a)     promptly notify the designating party in writing and include a copy of the
2 subpoena or court order;

3         (b)     promptly notify in writing the party who caused the subpoena or order to
4 issue in the other litigation that some or all of the material covered by the subpoena or order is
5 subject to this agreement. Such notification shall include a copy of this agreement; and

6         (c)     cooperate with respect to all reasonable procedures sought to be pursued
7 by the designating party whose confidential material may be affected.

8   8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9         If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential
10 material to any person or in any circumstance not authorized under this agreement, the receiving
11 party must immediately (a) notify in writing the designating party of the unauthorized
12 disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,
13 (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of
14 this agreement, and (d) request that such person or persons execute the "Acknowledgment and
15 Agreement to Be Bound" that is attached hereto as Exhibit A.

16   9.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
17 MATERIAL

18         When a producing party gives notice to receiving parties that certain inadvertently
19 produced material is subject to a claim of privilege or other protection, the obligations of the
20 receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This
21 provision is not intended to modify whatever procedure may be established in an e-discovery
22 order or agreement that provides for production without prior privilege review. The parties
23 agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

24   10.    NON TERMINATION AND RETURN OF DOCUMENTS

25         Within 60 days after the termination of this action, including all appeals, each receiving
26 party must return all confidential material to the producing party, including all copies, extracts

1   and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

2   destruction.

3        Notwithstanding this provision, counsel are entitled to retain one archival copy of all

4   documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

5   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

6   work product, even if such materials contain confidential material.

7        The confidentiality obligations imposed by this agreement shall remain in effect until a

8   designating party agrees otherwise in writing or a court orders otherwise.

9

10               IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

11   DATED: _____     /s William Fuld _____
                                        William Fuld, of Attorneys for Plaintiff
12

13   DATED:_____     /s Gregory Worden _____
                                        Gregory Worden, of Attorneys for
14                                      Defendant

15

     PURSUANT TO STIPULATION, IT IS SO ORDERED
16

     IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any
17

documents in this proceeding shall not, for the purposes of this proceeding or any other federal
18

or state proceeding, constitute a waiver by the producing party of any privilege applicable to
19

those documents, including the attorney-client privilege, attorney work-product protection, or
20

any other privilege or protection recognized by law.
21

22

DATED: November 15, 2019
23

24
                                        _____
25                                      Judge James L. Robart
                                        United States District Court Judge
26

MODEL STIPULATED PROTECTIVE ORDER
USDCWD Case No. 2:18-cv-01262-JLR - 8

1   <u>EXHIBIT A</u>

2   <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3       I, _____, of _____,

4   declare under penalty of perjury that I have read in its entirety and understand the Stipulated

5   Protective Order that was issued by the United States District Court for the Western District of

6   Washington on _____ in the case of Clay v. Hilton, et. al.; Cause No. 2:18-cv-01262-

7   JLR. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order

8   and I understand and acknowledge that failure to so comply could expose me to sanctions and

9   punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

10  any information or item that is subject to this Stipulated Protective Order to any person or entity

11  except in strict compliance with the provisions of this Order.

12      I further agree to submit to the jurisdiction of the United States District Court for the

13  Western District of Washington for the purpose of enforcing the terms of this Stipulated

14  Protective Order, even if such enforcement proceedings occur after termination of this action.

15  Date: _____

16  City and State where sworn and signed: _____

17  Printed name: _____

18  Signature: _____

19

20

21

22

23

24

25

26

MODEL STIPULATED PROTECTIVE ORDER
USDCWD Case No. 2:18-cv-01262-JLR - 9